**WO**                                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Calvin Dale Walker, | No. CV 06-1942-PHX-SMM (JRI) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Respondents. | |

Petitioner Calvin Dale Walker, who is confined in the Arizona State Prison-Phoenix West, in Phoenix, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc.# 1.)[1] He has paid the $5.00 filing fee. Petitioner will be ordered to show cause why this action should not be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**I. Procedural History**

Petitioner pleaded guilty to aggravated DUI in Maricopa County Superior Court, CR 2003-015360-DT, and was sentenced to an aggravated term of eight years on September 8, 2003. (Doc.# 1 at 1.) He filed a post-conviction petition on April 5, 2005, which was denied by the superior court on May 17, 2005, as untimely. (Id. at 2, attached Superior Court minute order.) His appeal from the denial of post-conviction relief was denied by the Arizona Court of Appeals on March 16, 2006, No. 1 CA-CR 05-0615 PRPC, and the Arizona Supreme

---

[1] "Doc.#" refers to the docket number of documents filed in this action.

JDDL

1  Court denied a petition for review on July 7, 2006, No. CR-06-108-PR.  (Id. at 3-4.)
2  Petitioner seeks habeas relief contending that his aggravated sentence violated his Sixth and
3  Fourteenth Amendment rights under Blakely v. Washington, 542 U.S. 296 (2004), and
4  United States v. Booker, 543 U.S. 220 (2005),  because it was based on facts that were not
5  admitted by him in the plea or determined by a jury.  Specifically, Petitioner alleges: (1) a
6  Sixth Amendment violation of the right to a jury determination of the facts supporting an
7  aggravated sentence; (2) a Fourteenth Amendment violation based on the absence of a jury
8  determination, or admissions by him, of facts supporting the imposition of an aggravated
9  sentence that exceeded the range for class 4 felonies under Arizona law; and (3) a Fourteenth
10 Amendment violation because his sentence exceeded the statutory maximum absent jury fact-
11 findings or admissions by him.  (Doc.# 1 at 3, 4, 6.)

**II. Summary Dismissal Standard**

The Court must undertake a prompt preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rules Governing § 2254 Cases, Rule 4; see 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Id.; see also Obremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (affirming district court's summary dismissal as a matter of law pursuant to Habeas Rule 4).  "Congress envision[s] district courts taking an active role in summarily disposing of facially defective habeas petitions," Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998), because "[i]t would waste scarce judicial resources for the district court to cause the facially defective petition to be served on the State and to entertain the State's ensuing motion to dismiss," id. at 1128. Thus, a court may *sua sponte* raise issues that are identifiable from the face of the petition, including issues such as procedural default, id. at 1127-28 and the one-year limitation period of 28 U.S.C. § 2244(d), Day v. McDonough, 126 S. Ct. 1675, 1682 (2006), Herbst v. Cook, 260 F.3d 1039, 1041 (9th Cir. 2001).  Moreover, the Supreme Court has strongly indicated that a court may properly address non-retroactivity *sua sponte*.  Day, 126 U.S. at 1682-83, 1684 (stating that it would make "scant sense to distinguish" the limitations bar from other

1  threshold constraints under Habeas Rule 5(b), including non-retroactivity); cf. Muth v. Frank,
2  412 F.3d 808, 816 (7th Cir. 2005) (non-retroactivity raised *sua sponte* on appeal).  However,
3  a court should not summarily dismiss without notice to the petitioner unless the basis for
4  dismissal is "unmistakably clear" from all the facts alleged in the petition and after
5  consideration of all relevant factors.  Acosta v. Artuz, 221 F.3d 117, 125 (2d Cir. 2000) (cited
6  with approval in Day, 126 S.Ct. at 1684); Boyd, 147 F.3d at 1128; accord Herbst, 260 F.3d
7  at 1043.  Further, when the petitioner is *pro se*, the court must make clear the issue and the
8  consequences for failing to respond.  Boyd, 147 F.3d at 1128.  An order to show cause and
9  an opportunity to respond is one permissible method.  Id.  Because Petitioner's application
10 is facially defective, the Court will require Petitioner to show cause why his action should
11 not be dismissed.

12 **III.  Analysis**

13 Petitioner contends that his aggravated sentence violated Blakely and Booker.[2]  In
14 Blakely, 542 U.S. at 301-302, the Supreme Court determined that the State of Washington's
15 sentencing guidelines impermissibly allowed a defendant's sentence to be enhanced beyond
16 the statutory maximum based upon a finding of fact by the judge and not the jury.  The
17 Supreme Court held that consistent with Apprendi v. New Jersey, 530 U.S. 466, 488-90
18 (2000), any "fact" that increases the penalty beyond the statutory maximum, other than the
19 fact of a prior conviction, must be found by a jury or admitted by the defendant.  Id.  In the
20 federal sentencing context, Booker held that any fact, other than a prior conviction, necessary
21 to support a sentence exceeding the maximum under mandatory sentencing guidelines must
22 be admitted by the defendant or found by a jury beyond a reasonable doubt.  543 U.S. at 244.

23 Blakely was decided on June 24, 2004, 542 U.S. at 296, and Booker was decided on
24 January 12, 2005, 543 U.S. at 220.  The Ninth Circuit has expressly held that Blakely does
25 not apply retroactively to cases that were already final for purposes of direct review at the
26 time it was decided.  Schardt v. Payne, 414 F.3d 1025, 1036 (9th Cir. 2005), pet. for cert.

---

[2] Because Booker concerned the United States Sentencing Guidelines, it is not directly relevant to Petitioner's challenge to his state sentence.

1 filed, No. 05-9237 (Nov. 10, 2005). Similarly, it has held that Booker does not apply
2 retroactively. United States v. Cruz, 423 F.3d 1119, 1120 (9th Cir. 2005). Thus, the
3 applicability of the holdings of Blakely and Booker turn upon whether Petitioner's conviction
4 and sentence were already "final" when they were decided.

"[A] defendant's case becomes final when 'a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.'" State v. Towery, 64 P.3d 828, 831-32 (Ariz. 2003) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)). The question, then, is when finality occurs for a defendant who enters a plea.

In Arizona, a guilty plea waives the right to a "direct appeal" and allows "review" only by petition for post-conviction relief pursuant to Rule 32 of the Rules of Criminal Procedure. See Ariz. R. Crim. P. 17.1(e). This is known as a "Rule 32 of-right proceeding," which must be filed within ninety days of the entry of judgment and sentence. Ariz. R. Crim. P. 32.1, 32.4(a). The Rule 32 of-right proceeding preserves the state constitution's guarantee of appellate review for pleading defendants and is the "functional equivalent" of a direct appeal. State v. Ward, 118 P.3d 1122, 1126 (Ariz. Ct. App. 2005) (Div. 1), rev. denied (Ariz. Apr. 20, 2006); State v. Cleere, No. 2 CA-CR 2003-0165-PR, 2006 WL 473889 at *4, n.2 (Ariz. Ct. App. Apr. 28, 2006) (Div. 2). A pleading defendant's conviction is not "final" while his timely-filed Rule 32 of-right proceedings, including review, are pending. See id.

Judgment and sentence were entered in Petitioner's case on September 4, 2003. Petitioner did not file a Rule 32 proceeding until April 5, 2005, well beyond the ninety-day period provided by state law, which rendered the proceeding subject to dismissal pursuant to Rules 32.2(a)(3) and 32.4(a), Ariz. R. Crim.P. Petitioner argued that pursuant to Rule 32.1(g), Ariz. R. Crim. P., his Rule 32 petition was not untimely because Blakely and Booker announced a significant change in the law. The Rule 32 court rejected that contention finding Petitioner's conviction was "final" for purposes of direct review upon the expiration of the ninety-day period and dismissing it as untimely. (See attach to dkt. 1.) Thus, because

1 Petitioner's conviction and sentence were final in 2003, neither <u>Blakely</u> nor <u>Booker</u> applies
2 to his case.

3 **IV.  Show Cause**

4 In this case, the Court finds that the record shows that Petitioner plainly is not entitled
5 to relief and summary dismissal under Rule 4 is warranted.  Although pre-dismissal notice
6 is not required under the circumstances of this action, in an abundance of caution, the Court
7 will allow Petitioner 30 days to show cause why his action should not be summarily
8 dismissed.  Petitioner must submit a pleading entitled "Response" to this Order in which he
9 establishes cause why this action should not be dismissed for the reasons stated above.  If
10 Petitioner fails to submit a Response, this action will be dismissed.

11 **V.  Warnings**

12 **A.  Address Changes**

13 Petitioner must file and serve a notice of a change of address 10 days before the move
14 is effective, if practicable.  <u>See</u> LRCiv 83.3(d).  Petitioner may not include a motion for other
15 relief with a notice of change of address.  Failure to comply may result in dismissal.

16 **B.  Copies**

17 Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv
18 5.4.  The Court may strike any filing that fails to comply with these requirements.

19 **C.  Possible Dismissal**

20 Petitioner is warned that failure to timely comply with every provision of this Order,
21 including these warnings, may result in dismissal of this action without further notice.  <u>See</u>
22 <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (district court may dismiss action
23 for failure to comply with any order of the Court).

24 **IT IS ORDERED:**

25 (1)  Petitioner must file a "Response," **no later than 30 days from the date this**
26 **Order is filed**, in which he shows cause why this action should not be summarily dismissed
27 for the reasons discussed in this Order.

28

JDDL

- 5 -

(2) The Clerk of Court must enter a judgment of dismissal of this action without further notice if Petitioner fails to file a Response **within 30 days from the date this Order is filed.**

DATED this 2nd day of November, 2006.

_____
Stephen M. McNamee
United States District Judge